**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Tamera Nicole KING, Defendant–**
**Appellant.**

**No. 12–13006**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 8, 2013.

Kathleen Mary Salyer, Karen E. Moore, Nicole D. Mariani, Michael E. Gilfarb, Wifredo A. Ferrer, Emily M. Smachetti, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Margaret Y. Foldes, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before CARNES, BARKETT and BLACK, Circuit Judges.

**PER CURIAM:**

Tamera King, through counsel, appeals the district court's denial of her request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. She argues the district court erred by determining it lacked authority to reduce her sentence because she had been sentenced as a career offender. She asserts, under *Freeman v. United States*, — U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), she is eligible for a sentence reduction because the district court varied from the career offender guidelines and instead based her sentence on the unenhanced guidelines range.

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir.2008). A district court may not modify a term of imprisonment unless a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). If a defendant is a career offender, her base offense level is generally determined under the career offender guideline in U.S.S.G. § 4B1.1 and not the drug quantity guideline in § 2D1.1. *See Moore*, 541 F.3d at 1327–28. As such, a retroactive amendment to the drug quantity table at § 2D1.1 does not have the effect of lowering her career offender-based guideline range within the meaning of § 3582(c)(2), and district courts are not authorized to reduce a sentence on that basis. *See id.* at 1327–28, 1330.

In *Freeman*, the Supreme Court decided a case involving a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the defendant entered a plea agreement that recommended a particular sentence. *Freeman*, 131 S.Ct. at 2690. In Justice Sotomayor's concurrence, she determined that the defendant was eligible for a sentence reduction under § 3582, because the express terms of his plea agreement based his sentence on a guideline sentencing range applicable to the charged offense. *Id.* at 2695. As such, the term of imprisonment in such a scenario is "based on" the range set by the Sentencing Guidelines, and a defendant is eligible for a sentence reduction under § 3582 if that range is subsequently lowered. *Id.* at 2695–2700. We recently held in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.2012), that *Moore* remains binding precedent in this Circuit because it was not overruled by *Freeman*, as *Freeman* did not address defendants whose total offense level was calculated according to the career offender provision. *See Lawson*, 686 F.3d at 1321.

The district court properly denied King's § 3582(c)(2) request because she was sentenced as a career offender, so Amendment 750 did not lower her applicable guideline range. We held in *Moore*, and reaffirmed in *Lawson*, that defendants sentenced as career offenders are not eligible for reductions pursuant to § 3582(c)(2). *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1329–30. Moreover, although the district court varied downward from the enhanced guideline range, it did so pursuant to the § 3553(a) factors, not pursuant to § 4A1.3, such that the possible exception identified in *Moore* does not apply. *See Moore*, 541 F.3d at 1329–30. Accordingly, the district court did not abuse its discretion by denying King's § 3582(c)(2) motion.

**AFFIRMED.**